IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DON VICTOR HARBOLT, ID # 624857,    )
          Petitioner,    )
vs.    )        No. 3:05-CV-2095-M
    )
DOUGLAS DRETKE, Director,    )
Texas Department of Criminal    )
Justice, Correctional Institutions Division,    )
          Respondent.    )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a parole revocation proceeding that occurred in Huntsville, Texas on April 15, 2004. (Pet. Writ of Habeas Corpus (Pet.) at 2, 5.) Respondent is Douglas Dretke, Director of TDCJ-CID.

### B. Statement of the Case

In 1992, petitioner pled guilty to a charge of forgery in Cause No. F90-11313 and was sentenced to fifteen years imprisonment (Pet. at 2.) He was released on parole in May 1993. (*Id.* at 7A.) On April 15, 2004, the State revoked his parole in Huntsville, Texas. (*Id.* ¶ 13.) Petitioner filed a state application for writ of habeas corpus to challenge his parole revocation, and the Texas

Court of Criminal Appeals dismissed it for failure to exhaust administrative remedies. (*Id.* at ¶ 11; 4A.) Although petitioner submitted his second application in January 2005, it had not yet been forwarded to the Texas Court of Criminal Appeals at the time he filed the instant action. (*Id.*) Petitioner recognizes that he has not exhausted his state remedies but argues that the delay in forwarding his state application to the Texas Court of Criminal Appeals permits this Court to review his claims even without formal exhaustion. (*Id.*) He further argues that the Court should excuse his failure to exhaust even if his state application is forwarded to the Texas Court of Criminal Appeals because he "could not expect a ruling until around February, 2006 and a delay of over a year in a case where if the relief is granted, the prisoner will be released, is unconscionable." (*Id.*) On November 14, 2005, the Texas Court of Criminal Appeals received the second application and the application remains pending before that court. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239175 (accessed December 19, 2005) (showing pending application).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present claims that challenge his conviction to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The requirement, however, is not absolute. *See* 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust). Exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. "[E]x-haustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter,* 957 F.2d 1183, 1189 (5th Cir. 1992)).

In this case, the Texas Court of Criminal Appeals has not had an adequate opportunity to address petitioner's second state application concerning his parole revocation. Although there appears to have been some delay in forwarding his state application to the Texas Court of Criminal Appeals, the application is now pending in that court. That petitioner may not receive a ruling until February 2006 (or later) does not of itself make exhaustion of state remedies unnecessary. Although petitioner argues that this Court should excuse his failure to exhaust because of the lengthy delay in forwarding his state application, he presents nothing to indicate that his state remedies are

3

unavailable. He presents nothing to indicate that it would be futile to pursue his state remedies. He has not carried his burden to show that an exception to the exhaustion requirement applies. The Court should find no exception to the exhaustion requirement applicable to this case and further find that petitioner has not exhausted his state remedies.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). In this instance, a ruling from the federal court before the Texas Court of Criminal Appeals has had an adequate opportunity to review the claims raised before it would preempt the state court from performing its proper function. *See id.* at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies, and the Court should dismiss this action.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

SIGNED this 19th day of December, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE